**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/19**

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1.** | **Debtor's Name** | **Anna Holdings, Inc.** |
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **47-1512342** |

**4.   Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **6600 Corporate Center Parkway** | |
| Number          Street | Number          Street |
| | P.O. Box |
| **Jacksonville, FL 32216** | |
| City                    State     Zip Code | City                    State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Duval** | |
| County | Number          Street |
| | |
| | City                    State     Zip Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | **www.acosta.com** |
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor    **Anna Holdings, Inc.**             Case number *(if known)* _____
Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**5511 (Management of Companies and Enterprises)**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☒ A plan is being filed with this petition.

     ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.   District _____ When _____ Case number _____
                                  MM/DD/YYYY
          District _____ When _____ Case number _____
                                  MM/DD/YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.   Debtor   **See Rider 1**      Relationship   **Affiliate**

         District   **District of Delaware**

                                         When   **12/01/2019**

         Case number, if known _____              MM / DD / YYYY

---

Debtor      **Anna Holdings, Inc.**                                    Case number *(if known)* _____
            <sub>Name</sub>

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                                    State      Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency      _____

         Contact name          _____

         Phone                 _____

---

| Statistical and administrative information |
| --- |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☒ 50,001-100,000
☐ More than 100,000

**15. Estimated assets (on a consolidated basis)**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☒ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

Debtor   **Anna Holdings, Inc.**
Name

Case number *(if known)* _____

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **12/01/2019**
MM/ DD / YYYY

✗ _____
Signature of authorized representative of debtor

**Matthew D. Laurie**
Printed name

Title    **Interim Chief Financial Officer**

**18. Signature of attorney**

✗ _____    Date    **12/01/2019**
Signature of attorney for debtor                    MM/ DD/YYYY

**Domenic E. Pacitti**
Printed name

**Klehr Harrison Harvey Branzburg LLP**
Firm name

**919 N. Market Street, Suite 1000**
Number                    Street

**Wilmington**
City

**Delaware**        **19801**
State            ZIP Code

**(302) 426-1189**
Contact phone

**dpacitti@klehr.com**
Email address

**3989**
Bar number

**Delaware**
State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number *(if known)*: _____    Chapter    11

☐ Check if this is an
amended filing

## Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Anna Holdings, Inc.

- Anna Holdings, Inc.
- AC Holdings, Inc.
- Acosta Frontline, LLC
- Acosta Military International, Inc.
- Acosta Military Sales, LLC
- Acosta Services, Inc.
- Acosta Subsidiary Holdings, Inc.
- Acosta UK Holdings, LLC
- Acosta, Inc.
- ActionLink Services, LLC

- ADW Acosta, LLC
- ADW UK, LLC
- AMG Marketing Services, LLC
- Anna Acquisition Company, Inc.
- Mosaic Canada Holdings Inc.
- Mosaic Employee Holdco, LLC
- Mosaic Parent Holdings Inc.
- Mosaic Sales Solutions US Operating Co., LLC
- The Vine Direct Agency, LLC
- Vine Parent Holdings, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ANNA HOLDINGS, INC., | ) | Case No. 19-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holders (Type of Holding) | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| *Common Stock* | | |
| Carlyle Partners VI Holdings, L.P. | 520 Madison Avenue New York, NY 10022 | 78.47% |
| Viggo Investment Pte. Ltd. | 280 Park Avenue, 9th Floor New York, NY 10017 | 16.93% |
| Anderson, Robert W. | Redacted[2] | 0.47% |
| Chartrand, Gary R. Revocable Trust | Redacted | 0.46% |
| Hill, Robert E., Jr. Irrevocable Trust | Redacted | 0.44% |
| Hill, Robert E., Jr. Revocable Trust | Redacted | 0.42% |
| Gronowski, Jamie S. | Redacted | 0.39% |
| Parker, John H. | Redacted | 0.34% |
| Weisenburger, Randall | Redacted | 0.28% |
| King, R. Brian GST Exempt Irrevocable Trust | Redacted | 0.23% |
| Baldwin, Brian D. | Redacted | 0.14% |
| Krabbe, Morris | Redacted | 0.13% |
| Cohenour, Franklin | Redacted | 0.12% |
| Tracey, Aidan | Redacted | <0.10% |
| King, R. Brian | Redacted | <0.10% |
| Wilson, Dana M. | Redacted | <0.10% |
| Barnard, Todd C. | Redacted | <0.10% |
| Wick, John G., Jr. | Redacted | <0.10% |
| Lewis, Sean B. | Redacted | <0.10% |
| Ramsey, Sandra C. | Redacted | <0.10% |
| Bissen, Karl S. | Redacted | <0.10% |
| Henson, Randall | Redacted | <0.10% |
| Schwinkendorf, David A. | Redacted | <0.10% |
| Stovin, Mark B. | Redacted | <0.10% |
| Moores, Brian T. | Redacted | <0.10% |
| Schick, Drew | Redacted | <0.10% |
| Laurie, Matthew D. | Redacted | <0.10% |
| Smith, Brad L. | Redacted | <0.10% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of July 31, 2019.

[2]   Address information for individual holders has been redacted to maintain confidentiality.

| Equity Holders (Type of Holding) | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Peverley, Jr., Malcolm W. (Ned) | Redacted | <0.10% |
| Tater, Jeffrey L. | Redacted | <0.10% |
| Tschumper, Mary J. Revocable Trust | Redacted | <0.10% |
| Gennaro, Joseph L. | Redacted | <0.10% |
| McEachran,Shawn B. | Redacted | <0.10% |
| Ard, Richard W. and Cynthia M. Ard Living Trust | Redacted | <0.10% |
| Straub, Sharon K. | Redacted | <0.10% |
| Neilson, Chris V. | Redacted | <0.10% |
| Rodenbush, Daniel J., Jr. | Redacted | <0.10% |
| Swan, Mark S. | Redacted | <0.10% |
| Prewitt, Dane A. | Redacted | <0.10% |
| Roberts, Jonathan | Redacted | <0.10% |
| Anthony, Sean M. | Redacted | <0.10% |
| Young, Brian R. | Redacted | <0.10% |
| Bresnahan, Timothy | Redacted | <0.10% |
| Rose, John D. | Redacted | <0.10% |
| McKenna, Shaun | Redacted | <0.10% |
| Rogers, Jeff | Redacted | <0.10% |
| Karst, Danny R. | Redacted | <0.10% |
| Collins, Marshall J., III | Redacted | <0.10% |
| Pickett, Darian | Redacted | <0.10% |
| Cline, Andrew O. | Redacted | <0.10% |
| Christopher, Steven | Redacted | <0.10% |
| Marmo, James M. | Redacted | <0.10% |
| Shaner, Robert J. | Redacted | <0.10% |
| Schofield, Robin | Redacted | <0.10% |
| Lightfoot, Timothy S. | Redacted | <0.10% |
| Scott, Karen | Redacted | <0.10% |
| Suhling, Timothy C. | Redacted | <0.10% |
| Eckart, Joyce M. | Redacted | <0.10% |
| Cashman, Donald G. | Redacted | <0.10% |
| Setter, Allan D. | Redacted | <0.10% |
| Melo, Jose A. | Redacted | <0.10% |
| George, Peter L. | Redacted | <0.10% |
| Stehouwer, Thomas J. | Redacted | <0.10% |
| Lewis, James H., Jr. | Redacted | <0.10% |
| Pezza, Glenn A. | Redacted | <0.10% |
| Poffenroth, Douglas J. | Redacted | <0.10% |
| Damiano, Joseph L. | Redacted | <0.10% |
| Carroll, Craig A. | Redacted | <0.10% |
| Pruett, Jeffrey | Redacted | <0.10% |
| Puttrich, Michael | Redacted | <0.10% |
| Lee, Jonathan | Redacted | <0.10% |
| Patterson, Kyle M. | Redacted | <0.10% |
| Barnett, Robert L. | Redacted | <0.10% |
| Hermsen, Stephen J. | Redacted | <0.10% |
| Homiak, Greg R. | Redacted | <0.10% |
| Smith, David A. | Redacted | <0.10% |
| Haworth, Steven R. | Redacted | <0.10% |
| Chartrand, Marc-Andre | Redacted | <0.10% |

| Equity Holders (Type of Holding) | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Hamm, II, John W. | Redacted | <0.10% |
| Derenda, Kathleen C. | Redacted | <0.10% |
| French, Richard | Redacted | <0.10% |
| Chandler, Kathy | Redacted | <0.10% |
| Morris, Andrew J. | Redacted | <0.10% |
| Kava, Brian | Redacted | <0.10% |
| Rolling, Carlton R. | Redacted | <0.10% |
| Prussia, Jeremy G. | Redacted | <0.10% |
| McDaniel, Russell A. | Redacted | <0.10% |
| Davisson, Mark K. | Redacted | <0.10% |
| Mathewson, Christopher R. | Redacted | <0.10% |
| VanderHorst, Douglas A. | Redacted | <0.10% |
| Thresher, Alan D. | Redacted | <0.10% |
| Dixon, Mark A. | Redacted | <0.10% |
| McGill, III, William B. | Redacted | <0.10% |
| McCarthy, Christopher | Redacted | <0.10% |
| Kroll, David C. | Redacted | <0.10% |
| Smith, Robert J. | Redacted | <0.10% |
| Ruffolo, Andrew A. | Redacted | <0.10% |
| Yoder, Kent B. | Redacted | <0.10% |
| Bouchard, Lee-Anne | Redacted | <0.10% |
| Lee, Christine J. | Redacted | <0.10% |
| Crosslin, Joshua G. | Redacted | <0.10% |
| Toole, Daniel W. | Redacted | <0.10% |
| McGoldrick, Michael S. | Redacted | <0.10% |
| Williams, Melinda K. | Redacted | <0.10% |
| Fargason, John L. | Redacted | <0.10% |
| Beauregard, Paul M. | Redacted | <0.10% |
| Wood, Howard I. | Redacted | <0.10% |
| Dobi, Kerri R. | Redacted | <0.10% |
| Glackin, Richard M. | Redacted | <0.10% |
| Galvin, Michael | Redacted | <0.10% |
| Shurrie, Thomas | Redacted | <0.10% |
| Greer, John F. II | Redacted | <0.10% |
| Lee, Roger C. | Redacted | <0.10% |
| Hagerty, Gary B. | Redacted | <0.10% |
| Shaw, Randall B. | Redacted | <0.10% |
| White, James R. | Redacted | <0.10% |
| Reynolds, Laura J. | Redacted | <0.10% |
| Goodyear, Sylvia H. | Redacted | <0.10% |
| Johnson, Michael E. | Redacted | <0.10% |
| Gideon, Pamela M. | Redacted | <0.10% |
| Brune, Thomas L. | Redacted | <0.10% |
| Kennedy, David M. | Redacted | <0.10% |
| Mason, Karen A. | Redacted | <0.10% |
| Eisnor, Jil | Redacted | <0.10% |
| Michael, Todd | Redacted | <0.10% |
| Miller, Timothy M. | Redacted | <0.10% |
| Morris, Jr., John E. | Redacted | <0.10% |
| Caruso, John V. | Redacted | <0.10% |
| Wise, Matthew T. | Redacted | <0.10% |
| Howell, Laura A. | Redacted | <0.10% |

| Equity Holders (Type of Holding) | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Hazelbach, William | Redacted | <0.10% |
| Allen, Patricia P. | Redacted | <0.10% |
| Louis, Will | Redacted | <0.10% |
| Darmody, Kevin | Redacted | <0.10% |
| Woodburn, Kenneth A. | Redacted | <0.10% |
| Leek, Gordon E. | Redacted | <0.10% |
| Scipione, Michael J. | Redacted | <0.10% |
| Kleiman, Cole H. | Redacted | <0.10% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ANNA HOLDINGS, INC., | ) |
| | ) Case No. 19-[_____] (___) |
| Debtor. | ) |
| | ) |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Carlyle Partners VI Holdings, L.P. | 78.47% |
| Viggo Investment Pte. Ltd. | 16.93% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ANNA HOLDINGS, INC., | ) | Case No. 19-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted contemporaneously herewith contains the names and addresses of the Debtors' creditors.  To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date.  However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed.  Therefore, the listing does not, and should not, be deemed to constitute:  (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1]    Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/Acosta.  The location of the Debtors' service address is:  6600 Corporate Center Parkway, Jacksonville, Florida 32216.

Debtor ___Anna Holdings, Inc., et al.,___

Case number (if known)_____

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
<tr><td colspan="2">Debtor name: _Anna Holdings, Inc., et al.,_</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: _District of Delaware_</td></tr>
<tr><td colspan="2">Case number (If known): _____</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust, National Association Attn: Corporate Capital Markets 246 Goose Lane, Suite 105 Guilford, CT 06437 United States | Corporate Capital Markets Phone - (203) 453-4130 | Senior Notes Dated September 26, 2014 | Unliquidated | | | $800,000,000 + Interest |
| 2 | Action Link, LLC Address on file | | Seller Notes | | | | $ 15,490,229.06 |
| 3 | Bey, Elijah Attn: Solomon Gresent, Esq. Jack Risemberg, Esq. Counsel For Elijah Bey 15910 Ventura Blvd, Suite 1610 Encino, CA 91436 United States | Solomon Gresent, Esq. Jack Risemberg, Esq. Email - Gresent - Seg@Rglawyers.Com Risemberg - Jr@Rglawyers.Com Phone - Gresent - 818-815-2727 Risemberg - 818-815-2727 | Litigation | Contingent, Unliquidated | | | $ 3,000,000.00 |
| 4 | Pet Firm Attn: San Roman, Michael E Address on file | | Seller Notes | | | | $ 1,750,000.00 |
| 5 | Higgins Cohn Brand Management Attn: Patrick Higgins President Box 291 Campbellville, ON L0P 1B0 Canada | Patrick Higgins Email - Phone - 905-856-8252 | Seller Notes | | | | $ 1,540,000.00 |
| 6 | Neilson, Chris V Address on file | | Deferred Compensation | | | | $ 1,159,771.46 |
| 7 | Hargrove Inc. Attn: Tim McGill Chief Executive Officer 1 Hargrove Drive Lanham, MD 20706 United States | Tim McGill Email - timmcgill@hargroveinc.com Phone - 301-306-9000 | Trade Payable | | | | $ 1,135,700.71 |
| 8 | Raines, Boyd W Address on file | | Deferred Compensation | | | | $ 1,045,120.71 |
| 9 | SBR Partners Attn: Stanley Shapiro 10 E Merrick Rd, Suite 305 Valley Stream, NY 11580 United States | Stanley Shapiro | Seller Notes | | | | $ 952,000.00 |
| 10 | Trevino, Rudy Attn: James Fitzpatrick, Esq. Fitzpatrick, Spini & Swanston Counsel for Rudy Trevino 555 S Main Street Salinas, CA 93901 United States | James Fitzpatrick, Esq. Fitzpatrick, Spini & Swanston Email - jfitzpatrick@fandslegal.com Phone - 831-755-1311 | Litigation | | | | $ 900,000.00 |
| 11 | Optimad Media, LLC Attn: Kevin Weisberg CEO 13217 Jamboree Rd Tustin, CA 92782 United States | Kevin Weisberg Email - kevin@optimadmedia.com Phone - 213-545-1123 | Trade Payable | | | | $ 875,558.90 |
| 12 | Rodriguez Bas, Alejandro Address on file | | Severance | | | | $ 749,999.97 |
| 13 | Gennaro, Joseph L Address on file | | Deferred Compensation | | | | $ 697,548.71 |
| 14 | Sales Results Inc. Attn: Kent Pilakowski Address on file | | Seller Notes | | | | $ 686,284.00 |
| 15 | CFM Services Inc. Attn: Renette Visagie 1240 Nordica Lane Cincinnati, OH 45255 United States | Renette Visagie Email - ranettev@cinci.rr.com Phone - 513-474-1582 | Seller Notes | | | | $ 637,500.00 |
| 16 | James Mattson Address on file | | Seller Notes | | | | $ 600,000.00 |
| 17 | Prewitt, Dane Alan Address on file | | Deferred Compensation | | | | $ 597,776.88 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | McIntyre, David J<br>Address on file | | Deferred Compensation | | | | $         594,398.19 |
| 19 | Pulse LTD LLC<br>Attn: Jeffrey Maguire<br>Chief Executive Officer<br>12628 Chillicothe Rd, Unit H<br>Chesterland, OH  44026<br>United States | Jeffrey Maguire<br>Email - jmaguire@pulsellc.com<br>Phone - 800-570-0482 | Trade Payable | | | | $         580,600.90 |
| 20 | Liam 2004 Films LLC<br>Attn: Afredo Rodriguez De Villa<br>Member<br>640 Vernon Ave<br>Venice, CA  90291<br>United States | Afredo Rodriguez De Villa<br>Phone - 917-749-2244 | Trade Payable | | | | $         503,949.75 |
| 21 | Lightfoot, Timothy Scott<br>Address on file | | Deferred Compensation | | | | $         472,983.34 |
| 22 | Gronowski, Jamie S<br>Address on file | | Deferred Compensation | | | | $         458,948.80 |
| 23 | Amthor, Teri Deluca<br>Address on file | | Deferred Compensation | | | | $         456,794.93 |
| 24 | Johnson, David L<br>Address on file | | Deferred Compensation | | | | $         403,775.66 |
| 25 | McDaniel, David Franklin<br>Address on file | | Deferred Compensation | | | | $         387,185.05 |
| 26 | The Nielsen Company<br>Attn: David Kenny<br>Chief Executive Officer<br>200 W Jackson Blvd<br>Chicago, IL  60606<br>United States | David Kenny<br>Email - David.Kenny@nielsen.com | Trade Payable | | | | $         378,916.67 |
| 27 | Hebert Holdings, Inc.<br>Attn: Derick Hebert<br>Address on file | | Seller Notes | | | | $         375,000.00 |
| 28 | Dean Foods<br>Attn: Leon Carter, Esq., Carter Arnett PLLC<br>8150 N Central Pkwy, Suite 500<br>Dallas, TX  75206<br>United States | Leon Carter, Esq., Carter Arnett PLLC<br>Email - Lcarter@Carterarnett.Com<br>Phone - 214-550-8188 | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 29 | Coyle, Amber (Plaintiff), et. al.<br>Attn: Peter Hart<br>Law Offices of Peter Hart<br>12121 Wilshire Blvd, Suite 725<br>Los Angeles, CA  90025<br>United States | Peter Hart<br>Email - hartpeter@msn.com<br>Phone - 310-478-5789<br>Fax - 509-561-6441 | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 30 | Pension Benefit Guaranty Corporation<br>Attn: Patricia Kelly<br>Chief Financial Officer<br>1200 K Street, NW<br>Washington, DC  20005<br>United States | Patricia Kelly<br>Email - pbgcpublicaffairs@pbgc.gov<br>Phone - 202-326-4110<br>Fax - 202-229-4047 | Pension | Contingent, Unliquidated, Disputed | | | Undetermined |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Anna Holdings, Inc. |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration_____    List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 12/01/2019 | ☒ |
|---|---|
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | Matthew D. Laurie |
| | Printed name |
| | **Interim Chief Financial Officer** |
| | Position or relationship to debtor |

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

**RESOLUTIONS APPROVED AT A JOINT MEETING OF THE BOARD OF
MANAGERS, BOARD OF DIRECTORS, THE SOLE MEMBER, OR THE MANAGING
MEMBER, AS APPLICABLE, OF
ACOSTA, INC.
ACOSTA FRONTLINE, LLC
ACOSTA MILITARY INTERNATIONAL, INC.
ACOSTA MILITARY SALES, LLC
ACOSTA SERVICES, INC.
ACOSTA SUBSIDIARY HOLDINGS, INC.
ACTIONLINK SERVICES, LLC
ADW ACOSTA, LLC
ADW UK, LLC
AMG MARKETING SERVICES, LLC
ANNA HOLDINGS, INC.
ANNA ACQUISITION COMPANY, INC.
MOSAIC CANADA HOLDINGS INC.
MOSAIC EMPLOYEE HOLDCO, LLC
MOSAIC PARENT HOLDINGS INC.
MOSAIC SALES SOLUTIONS US OPERATING CO., LLC
THE VINE DIRECT AGENCY, LLC
VINE PARENT HOLDINGS, LLC
ACOSTA UK HOLDINGS, LLC
AND
AC HOLDINGS, INC.**

**<u>December 1, 2019</u>**

The following resolutions were approved at a joint meeting (the "<u>Meeting</u>") of the board of managers, board of directors, the sole member, or the managing member, as applicable (each, a "<u>Governing Body</u>") of each entity set forth on **<u>Schedule I</u>** attached hereto (each, a "<u>Company</u>," and, collectively, the "<u>Companies</u>").

**RESOLUTIONS**

---

WHEREAS, each Governing Body has considered presentations by the management and the financial and legal advisors of each Company regarding the liabilities and liquidity of each Company, the strategic alternatives available to it, and the impact of the foregoing on each Company's business;

WHEREAS, each Governing Body has had the opportunity to consult with each Company's management and the financial and legal advisors to the Companies and fully consider each of the strategic alternatives available to the Companies;

WHEREAS, each Governing Body has reviewed and considered presentations by the management and the financial and legal advisors of each Company regarding that certain restructuring support

agreement (as amended, restated, and supplemented from time to time, the "Restructuring Support Agreement") and the transactions contemplated therein;

WHEREAS, each Governing Body has reviewed and considered presentations by the management and the financial and legal advisors of each Company regarding the advantages and disadvantages to each Company soliciting acceptances of the prepackaged chapter 11 plan of reorganization contemplated by the Restructuring Support Agreement (as amended, restated, and supplemented from time to time, the "Plan"); and

WHEREAS, the Restructuring Support Agreement provides that it can be terminated if a Governing Body determines in good faith, after consulting with counsel, that proceeding with the transactions contemplated thereby would be inconsistent with the exercise of its fiduciary duties or applicable law.

NOW, THEREFORE, BE IT,

**Entry into Restructuring Support Agreement and Solicitation of the Plan.**

RESOLVED, that in the business judgment of each Governing Body, it is desirable and in the best interests of each Company, its equityholders, its creditors, and other parties in interest to enter into the Restructuring Support Agreement and to commence solicitation of the Plan pursuant to sections 1125(g) and 1126(b) of the Bankruptcy Code and rule 3018(b) of the Federal Rules of Bankruptcy Procedure, and that each Company's performance of its obligations under the Restructuring Support Agreement and the solicitation of votes in favor of the Plan be and hereby is, in all respects, authorized and approved.

RESOLVED, that the Interim Chief Financial Officer or Chief Financial Officer, as applicable, or any other duly appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute the Restructuring Support Agreement on behalf of the Companies, perform all the transactions contemplated thereby, including commencing solicitation of the Plan.

**Chapter 11 Filing**

RESOLVED, that in the business judgment of each Governing Body, it is desirable and in the best interests of each Company, its equityholders, its creditors, and other parties in interest that each Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the bankruptcy court for the District of Delaware (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to

maintain the ordinary course operation of each Company's business.

RESOLVED, that all acts and deeds previously performed by any of the officers of the Companies prior to the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions, are hereby ratified, confirmed, and approved in all respects as the authorized acts and deeds of the Companies.

**Retention of Professionals**

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Klehr Harrison Harvey Branzburg LLP ("Klehr") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Klehr.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC ("A&M") to provide interim management services to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of PJT Partners LP ("PJT"), as financial advisor and investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PJT.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Prime Clerk LLC ("Prime Clerk") as notice and claims agent to

represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of PricewaterhouseCoopers LLP ("PwC"), as tax consultant to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PwC.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Katten Muchin Rosenman ("Katten"), as counsel to the disinterested directors to represent and assist the disinterested directors in investigating and determining whether any matter arising in or related to the transactions contemplated by the Restructuring Support Agreement constitute a conflict matter; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Katten.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**Debtor-In-Possession Financing, Cash Collateral and Adequate Protection**

RESOLVED, that in the judgment of the Governing Body of each Company, each Company will receive benefits from the DIP Credit Agreement (as defined below) and the Loans contemplated thereunder, and it is desirable and in the best interest of each Company, each Company's interest holders, creditors and other parties in interest that the form, terms and provisions of (i) that certain Superpriority Secured Debtor-in-Possession Credit Agreement, together with any and all exhibits, schedules and annexes thereto (the "DIP Credit Agreement"), by and among the Companies party thereto, each Lender from time to time party thereto and Ankura Trust

4

Company, LLC, as administrative agent and collateral agent and (ii) the Loan Documents (as defined in the DIP Credit Agreement) to which any or all of the Companies are a party, and all other documents, agreements, instruments or certificates, intellectual property security agreements, joinders, and consents to be executed, delivered or filed by each Company in connection therewith, and the transactions contemplated by the DIP Credit Agreement and the other Loan Documents (in each case including, without limitation, the borrowings and other extensions of credit thereunder, and the guaranties, liabilities, obligations, security interest granted and notes issued, if any, in connection therewith) be, and hereby are, authorized, adopted and approved in substantially the form presented to the Governing Bodies, together with such changes as may be approved by the Authorized Signatories executing and delivering the same, such approval to be conclusively evidenced by such Authorized Signatory's execution and delivery thereof.

RESOLVED, that the Governing Body of each Company has determined that it is necessary and in the best interest of each such Company's business and affairs, each Company's interest holders, creditors and other parties in interest that the form, terms and provisions of (i) that certain Superpriority Secured Debtor-in-Possession Credit Agreement, in substantially the form presented to the Governing Bodies for each such Company to execute, deliver and perform the DIP Credit Agreement and the other Loan Documents to which it is a party, to perform such Company's obligations thereunder and to consummate the transactions contemplated thereby, including, without limitation, any borrowings, the performance of any guarantees and the granting of any security interests and liens, and each Company's execution and delivery of, and the incurrence and performance of its obligations in connection with the DIP Credit Agreement, including without limitation, the guarantee of the Obligations (as defined in the DIP Credit Agreement) thereunder, and any other Loan Document to which it is a party, and the consummation of the transactions contemplated thereby or entered into in connection with the Loan Documents, including, without limitation, any borrowing by any Company under the Loan Documents, are hereby, in all respects, authorized and approved.

RESOLVED, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in  section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to that certain Credit Agreement, dated as of September 26, 2014 (as amended from time to time), by and among Acosta, Inc. as Borrower, Anna Acquisition as Holdings, and the lenders party thereto, with JPMorgan Chase Bank, N.A. as administrative agent and collateral agent.

RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order authorizing and approving the DIP Credit Agreement, the other Loan Documents and the transactions contemplated thereby (the "Interim DIP Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered, in the name of and on behalf of each

Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order.

RESOLVED, that each Company, as debtors and debtors in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations, including granting liens on its assets to secure such obligations.

**Waiver of Notice of Meeting**

RESOLVED, that each of the members of the board of managers, board of directors, the sole member, or the managing member, as applicable, hereby irrevocably waives notice of the time, place and purposes of the Meeting and any adjournments thereof, to the extent such notice is required by the applicable organizational documents of each Company.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, convenient or desirable and to make any changes to the documents approved hereunder as the Authorized Signatories shall approve, such approval to be conclusively evidenced by such Authorized Signatory's execution and delivery thereof, in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

RESOLVED, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Governing Body.

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

* * *

6

**Schedule I**

| Company | Jurisdiction |
|---|---|
| Acosta, Inc. | Delaware |
| Acosta Frontline, LLC | Delaware |
| Acosta Military International, Inc. | Delaware |
| Acosta Military Sales, LLC | Delaware |
| Acosta Services, Inc. | Florida |
| Acosta Subsidiary Holdings, Inc. | Delaware |
| Actionlink Services, LLC | Delaware |
| ADW Acosta, LLC | Washington |
| ADW UK, LLC | Washington |
| AMG Marketing Services, LLC | Delaware |
| Anna Holdings, Inc. | Delaware |
| Anna Acquisition Company, Inc. | Delaware |
| Mosaic Canada Holdings Inc. | Delaware |
| Mosaic Employee Holdco, LLC | Delaware |
| Mosaic Parent Holdings Inc. | Delaware |
| Mosaic Sales Solutions US Operating Co., LLC | Delaware |
| The Vine Direct Agency, LLC | Delaware |
| Vine Parent Holdings, LLC | Delaware |
| Acosta UK Holdings, LLC | Delaware |
| AC Holdings, Inc. | Florida |